**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

November 23, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

*In re*: **M.C.-1, M.C.-2, M.C.-3, & G.F.**

**No. 15-0636** (Preston County 13-JA-48, 13-JA-49, 13-JA-50, 13-JA-51, & 14-JA-48)

**MEMORANDUM DECISION**

Petitioner Mother S.F, by counsel Gabrielle Ash, appeals the Circuit Court of Preston County's March 5, 2015, order terminating her parental rights to M.C.-1, M.C.-2, M.C.-3, & G.F.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Megan M. Allender, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in terminating her parental rights and in failing to disqualify the guardian ad litem.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2013, the DHHR filed an abuse and neglect petition against petitioner, the mother, alleging that she abused and neglected the children by exposing them to substance abuse and domestic violence. The petition also alleged that petitioner's former boyfriend, C.C., the biological father of M.C.-1, M.C.-2., and M.C.-3[3], and, petitioner's live-in boyfriend, A.C., perpetuated domestic violence in the children's presence. Also in December of 2013, the circuit court held a preliminary hearing and found probable cause to believe that petitioner abused and neglected the children. It further ordered that the DHHR retain custody of the children.

---

[1]Because three of the children have the same initials, M.C., we will distinguish between them by adding numbers to their initials. In addition, we note that M.C.-1 and M.C.-2 are twins.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

[3]According to the record, G.F.'s biological father was unknown at the time of this proceeding.

In February of 2014, the circuit court held an adjudicatory hearing, at which petitioner stipulated to the allegations contained in the petition[4] and was granted a post-adjudicatory improvement period. The terms of petitioner's improvement period required that petitioner submit to random drug screens, a psychological evaluation, and a substance abuse evaluation; that she participate in any additional services recommended by the Multi-Disciplinary Team ("MDT"); and that she not have contact with C.C. or A.C.

In April of 2014, the circuit court held a review hearing wherein petitioner advised the circuit court that she was pregnant with G.F. The circuit court noted that petitioner did not have appropriate housing and that her behavior continued to negatively affect the children. The circuit court further noted that there were difficulties in implementing services for psychological evaluations and substance abuse treatment. Thus, the circuit court ordered that those services be expedited. The circuit court also continued petitioner's improvement period.

In October of 2014, the circuit court held a dispositional hearing regarding M.C.-1, M.C.-2, and M.C.-3. At the hearing, petitioner moved the circuit court for a dispositional improvement period and the same was granted. However, the circuit court expressed concern that petitioner was not fully participating in services, and not making sufficient progress in the areas of employment, housing, or parenting education.

In November of 2014, petitioner gave birth to G.F. The DHHR filed a petition alleging that petitioner abused and neglected G.F. based upon the prior abuse and neglect of his siblings. The petition further alleged that petitioner continued her relationship with C.C. and allowed C.C. to have contact with G.F. The petition alleged that petitioner also had contact with A.C. In January of 2015, the circuit court held an adjudicatory hearing on the petition and petitioner again stipulated to the allegations of abuse and neglect contained in the petition and was granted a post-adjudicatory improvement period that included the same terms and conditions as those previously ordered by the circuit court.

In January of 2015, the circuit court held a review hearing and consolidated the children's cases. The DHHR expressed concerns over petitioner's continued contact with C.C. An MDT meeting was held wherein the guardian disclosed a potential conflict of interest regarding her representation of the children. The guardian advised the MDT that the children's aunt retained the guardian to represent her in a divorce proceeding. The guardian filed a letter with the circuit court which detailed the issues regarding the children's representation.

In January of 2015, the guardian and the DHHR filed a joint motion to revoke petitioner's improvement period. The motion alleged that petitioner failed to make any progress toward improving the conditions of abuse and neglect because her substance abuse continued unabated. Specifically, the motion alleged that petitioner reported an armed robbery in her home and that

---

[4]Specifically, petitioner stipulated to engaging in domestic violence in the children's presence and that she had substance abuse and anger control issues. Petitioner also admitted that she abandoned her children by leaving them in the care of relatives for extended periods of time and that her actions and her issues adversely affected her children.

she identified A.C. as the suspect. Following the investigation, petitioner admitted that she had been "partying" with A.C. and she admitted to drinking beer and taking Xanax with him and another individual. The motion also indicated that petitioner's in-home services were discontinued due to safety concerns. The motion further alleged that petitioner failed to complete her parenting education classes, failed to complete her adult life skills classes, and failed to repeat her anger management course as directed.

In January of 2015, the circuit court held a hearing on the motion to revoke petitioner's improvement period, wherein petitioner admitted to continued contact with C.C. and A.C. The circuit court found that, despite months of services, petitioner did not have a safe home for the children, that service providers terminated all services, and that no additional services were available. The circuit court also found that petitioner had "shown a substantial failure to progress or participate in her improvement period." At the close of the hearing, the circuit court terminated petitioner's improvement period.

In February of 2015, the circuit court held a dispositional hearing, at which petitioner failed to appear. Petitioner's counsel appeared on her behalf. According to the DHHR, petitioner did not comply with the terms of her improvement period because she continued to associate with C.C. and A.C., did not complete her second anger management class, failed to complete parenting education or adult life skills classes, and continued to abuse drugs. At the close of the evidence, the circuit court found that petitioner failed to make substantial changes to the conditions that led to the abuse and neglect of her children. The circuit court also found that petitioner continued to be involved with drugs and domestic violence, and that petitioner was not able to put any of the skills that she learned into practice. Finally, the circuit court found that petitioner lacked a bond with her children. Based upon these findings, the circuit court terminated petitioner's parental rights to her children by order dated March 5, 2015. Petitioner appeals this dispositional order.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.,* 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon review, we find no error in the circuit court's order that terminated petitioner's parental rights. On appeal, petitioner argues

that the circuit court erred in terminating her parental rights because she found employment, stable housing, completed her anger management course, was compliant with in-home services, and addressed her substance abuse problem. We disagree and find that petitioner's argument ignores the evidence set forth in the record on appeal.

It is clear from the record on appeal that petitioner failed to comply with several of the terms of her improvement period. Petitioner moved multiple times over the course of her year-long improvement period and never established a permanent residence. Likewise, petitioner had two short-lived jobs over the course of her improvement period and showed no ability to maintain stable employment. Additionally, petitioner failed to complete her parenting education class, her adult life skills class, and a second attempt at the anger management class. Further, petitioner failed to address her substance abuse issues and failed to complete any substance abuse treatment program, or stop her association with drug use. Finally, petitioner maintained relationships with both C.C. and A.C., in spite of the circuit court's orders and her admission that her children were exposed to drug use and domestic violence as a result of her contact with these men. Based upon this evidence, the circuit court found that, despite months of services, petitioner did not have a safe home for the children, that service providers terminated all services, and that no additional services were available. The circuit court also determined that petitioner failed to make substantial changes to the conditions that led to the abuse and neglect of her children, that she continued to be involved with drugs and domestic violence, and that she was not able to put into practice any of the skills that she learned.

Pursuant to West Virginia Code § 49-6-5(b)(3), there is no reasonable likelihood the conditions of abuse or neglect can be substantially corrected when "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child." Here, the circuit court was presented with sufficient evidence to make this finding with regard to petitioner based upon the evidence outlined above. The circuit court ruled that termination of petitioner's parental rights was in the children's best interests. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings. Further, we have previously held that

> "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). As such, it was not error for the circuit court to terminate petitioner's parental rights.

Petitioner alleges that the guardian's independent judgement was compromised because she represented the children's aunt in a divorce proceeding. However, there is no evidence on the record that the guardian's representation of the children's aunt adversely affected her

4

representation of the children. Therefore, we disagree with petitioner's claims of bias and find no error in the circuit court's decision not to disqualify the guardian.

The "Guidelines for Children's Guardians Ad Litem in Child Abuse and Neglect Cases" contained in the West Virginia Rules of Practice and Procedure for Child Abuse and Neglect Proceedings govern conflicts of interests and ethical considerations regarding representation. Appendix A(B)(3)(c) of those guidelines addresses conflicts of interest which may arise when a guardian subsequently represents a child's parent, relative, caregiver, foster parent, or pre-adoptive parent in another matter. Specifically, that section provides that a guardian should not engage in subsequent representation that "compromises the GAL's ability to independently consider the best interests of the child." The guardian represented the children's aunt from December of 2014 until January of 2015 in her divorce action. The guardian filed a letter with the circuit court and in that letter she indicated that she did not believe that her representation of the children would be adversely affected by her representation of their aunt in an unrelated matter. The guardian also indicated that she was willing to withdraw from the aunt's representation to avoid the appearance of impropriety.

We have held that:

"[a] claim of an appearance of impropriety does not rise to the level of a fundamental defect in due process requiring a new trial. Absent a showing of bias or prejudice, a new trial is unwarranted when (1) there has been a full trial on the merits, (2) there is no obvious error during the original proceedings, (3) the record shows it is extremely unlikely the prejudice could have affected the trial, and (4) the failure to disclose facts leading to a disqualification motion was inadvertent."

Syl. Pt. 3, *Tennant v. Marion Health Care Foundation, Inc.*, 194 W.Va. 97, 459 S.E.2d 374 (1995). Likewise, the Guidelines for Children's Guardians Ad Litem in Child Abuse and Neglect Cases do not prohibit the guardian's simultaneous representation of the children and their aunt absent an actual bias or prejudice. The petitioner cites a number of cases outside our jurisdiction in support of her position. We find these cases unpersuasive because they are clearly distinguishable from the instant case. In the cases cited by petitioner, the guardians were representing the DHHR of the state simultaneously with the children and that representation created conflicts of interest. Those are clearly not the facts of the case at hand. Moreover, contrary to petitioner's argument, there is no evidence in the record on appeal that the guardian's representation of the children's aunt created actual bias or prejudice. Finally, the guardian was not alone in her recommendation that petitioner's parental rights should be terminated, as the DHHR also recommended termination. Therefore, we find no error.

For the foregoing reasons, we find no error in the decision of the circuit court and its March 5, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: November 23, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II